Nada I. Shamonki (SBN 205359)
nshamonki@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202

Attorneys for Plaintiff
Intellectual Ventures II LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

INTELLECTUAL VENTURES II LLC,

Plaintiff,

v.

TOYOTA MOTOR CORPORATION; TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR MANUFACTURING, INDIANA, INC.; AND TOYOTA MOTOR MANUFACTURING KENTUCKY, INC.,

Defendants.

Case No. 2:17-cv-7681

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Intellectual Ventures II LLC ("IV" or "Plaintiff'), brings this action for patent infringement against Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing, Indiana, Inc., and Toyota Motor Manufacturing, Kentucky, Inc. ("Toyota" or "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 281. IV seeks remedies for Defendants' infringement of IV's U.S. Patent Nos. 7,067,944 ("the '944 Patent"), 7,067,952 ("the '952 Patent"), 7,154,200 ("the '200 Patent"), 7,683,509 ("the '509 Patent"), and 7,928,348 ("the '348 Patent") (collectively, the "Patents-in-Suit").

**THE PARTIES**

2. Intellectual Ventures II LLC is a Delaware limited liability company, with a principal place of business at 3150 139th Ave. SE, Bldg. 4, Bellevue, WA 98005.

3. Upon information and belief, Toyota Motor Corporation is a corporation organized and existing under the laws of Japan, with its principal place of business at 1 Toyota-cho, Toyota-shi, Aichi-ken 471-8571, Japan.

4. Upon information and belief, Toyota Motor North America, Inc. is a New York corporation headquartered at 1114 Avenue of the Americas, Ste. 4115, 41st Floor, New York, NY 10036.

5. Upon information and belief, Toyota Motor Sales, U.S.A., Inc. is a California corporation headquartered at 19001 S. Western Ave. Torrance, CA 90501.

6. Upon information and belief, Toyota Motor Engineering & Manufacturing North America, Inc. is a Kentucky corporation headquartered at 25 Atlantic Avenue, Erlanger, KY 41018.

7. Upon information and belief, Toyota Motor Manufacturing, Indiana, Inc. is an Indiana corporation headquartered at 4000 Tulip Tree Drive, Princetown, IN 47670.

8. Upon information and belief, Toyota Motor Manufacturing, Kentucky, Inc. is a Kentucky corporation headquartered at 1001 Cherry Blossom Way, Georgetown, KY 40324.

**JURISDICTION AND VENUE**

9. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

10. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

11. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because defendants maintain a regular and established place of business and have committed infringing acts in this district.

12. This Court has personal jurisdiction over Toyota by virtue of, *inter alia*, (i) maintaining a regular place of business and a continuing presence in this jurisdiction; (ii) committing at least a portion of the infringements alleged herein within this district; and (iii) regularly doing business or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

**THE PATENTS**

13. United States Patent No. 7,067,944 is entitled "Motor with encapsulated stator and method of making same," and issued June 27, 2006 to inventors Dennis K. Lieu and Griffith D. Neal. The '944 Patent issued from United States Patent Application No. 11/035,906 filed on January 14, 2005. The '944 Patent claims priority to U.S. provisional application serial number

60/172,287 filed on December 17, 1999. A copy of the ’944 Patent is attached hereto as Exhibit 1.

14. United States Patent No. 7,067,952 is entitled “Stator assembly made from a molded web of core segments and motor using same,” and issued June 27, 2006 to inventor Griffith D. Neal. The ’952 Patent issued from United States Patent Application No. 10/383,219 filed on March 5, 2003. The ’952 Patent claims priority to U.S. Patent No. 7,036,207 filed on March 2, 2001. A copy of the ’952 Patent is attached as Exhibit 2.

15. United States Patent No. 7,154,200 is entitled “Motor,” and issued December 26, 2006 to inventor Griffith D. Neal. The ’200 Patent issued from United States Patent Application No. 11/439,733 filed on May 23, 2006. The ’200 Patent claims priority to U.S. provisional application serial number 60/146,446 filed on July 29, 1999. A copy of the ’200 Patent is attached as Exhibit 3.

16. United States Patent No. 7,683,509 is entitled “Electromagnetic device with open, non-linear heat transfer system,” and issued March 23, 2010 to inventor Griffith D. Neal. The ’509 Patent issued from United States Patent Application No. 11/489,914 filed on July 19, 2006. A copy of the ’509 Patent is attached as Exhibit 4.

17. United States Patent No. 7,928,348 is entitled “Electromagnetic device with integrated fluid flow path,” and issued April 19, 2011 to inventor Griffith D. Neal. The ’348 Patent issued from United States Patent Application No. 11/489,911 filed on July 19, 2006. A copy of the ’348 Patent is attached as Exhibit 5.

18. IV is the lawful assignee and owner of all right, title and interest in and to the ’944 Patent, the ’952 Patent, the ’200 Patent, the ’509 Patent, and the ’348 Patent.

**INFRINGEMENT OF THE PATENTS-IN-SUIT**

19. Toyota has infringed and continues to infringe at least five of IV's patents that cover aspects of electric motors and other products, including, without limitation: 2016 Lexus ES power steering unit ("Lexus Power Steering Unit"), Toyota water pump with Toyota part number 161A0-39025 ("Toyota 161A0-39025 Pump"), Toyota water pump with Toyota part number 161A0-39035 ("Toyota 161A0-39035 Pump"), Toyota water pump with Toyota part number 161A0-29015 ("Toyota 161A0-29015 Pump"), Toyota water pump with Toyota part number G9040-33030 ("Toyota G9040-33030 Pump"), Toyota water pump with Toyota part number G9040-47040 ("Toyota G9040-47040 Pump"), Toyota water pump with Toyota part number G900-52010 ("Toyota G9040-52010 Pump"), and Toyota Hybrid Transaxle Assembly ("Toyota Transaxle Assembly") (together, the "Exemplary Toyota Products").

20. IV incorporates by reference in its allegations herein certain claim charts comparing exemplary claims of the Patents-in-Suit to the Exemplary Toyota Products.

21. Specifically, Exhibits 6-31 are exemplary charts comparing claims of the Patents-in-Suit to the Exemplary Toyota Products.

22. As set forth in Exhibits 6 through 31, the Exemplary Toyota Products practice, in whole or in material part, the technology claimed by the Patents-in-Suit.

**COUNT I**

**(Toyota's Infringement of the '944 Patent)**

23. Paragraphs 1 through 22 are incorporated by reference as if fully restated herein.

24. IV is the assignee and lawful owner of all right, title, and interest in and to the '944 Patent.

25. The '944 Patent is valid and enforceable.

26. Toyota has infringed, and is still infringing, the ’944 Patent in at least this District by making, using, offering to sell, selling and/or importing Accused Products that infringe at least claims 3, 9, and 11 of the ’944 Patent (the “Exemplary ’944 Patent Claim”) literally or by the doctrine of equivalents.

27. On information and belief, Toyota directly infringes the ’944 Patent by designing, manufacturing, and selling the Exemplary Toyota Products.

28. Exhibits 6-15 include charts comparing exemplary claims 3, 9, and 11 of the ’944 Patent to the Exemplary Toyota Products. As set forth in these charts, the Exemplary Toyota Products practice, in whole or in material part, the technology claimed by the ’944 Patent. Accordingly, the Exemplary Toyota Products infringe at least exemplary claims 3, 9, and 11 of the ’944 Patent.

29. IV is entitled to recover damages adequate to compensate for Toyota’s infringement.

**COUNT II**

**(Toyota’s Infringement of the ’952 Patent)**

30. Paragraphs 1 through 29 are incorporated by reference as if fully restated herein.

31. IV is the assignee and lawful owner of all right, title and interest in and to the ’952 Patent.

32. The ’952 Patent is valid and enforceable.

33. Toyota has infringed, and is still infringing, the ’952 Patent in at least this District by making, using, offering to sell, selling and/or importing Accused Products that infringe at least claims 10 and 12 of the ’952 Patent (the “Exemplary ’952 Patent Claims”) literally or by the doctrine of equivalents.

34. On information and belief, Toyota directly infringes the ’952 Patent by designing, manufacturing, and selling the Exemplary Toyota Products.

35. Exhibit 16 includes a chart comparing exemplary claims 10 and 12 of the ’952 Patent to the Exemplary Toyota Products. As set forth in this chart, the

Exemplary Toyota Products practice, in whole or in material part, the technology claimed by the ’952 Patent. Accordingly, the Exemplary Toyota Products infringe at least exemplary claims 10 and 12 of the ’952 Patent.

36. IV is entitled to recover damages adequate to compensate for Toyota’s infringement.

**COUNT III**

**(Toyota’s Infringement of the ’200 Patent)**

37. Paragraphs 1 through 36 are incorporated by reference as if fully restated herein.

38. IV is the assignee and lawful owner of all right, title, and interest in and to the ’200 Patent.

39. The ’200 Patent is valid and enforceable.

40. Toyota has infringed, and is still infringing, the ’200 Patent in at least this District by making, using, offering to sell, selling and/or importing Accused Products that infringe at least claims 1, 2, 4, 6, and 7 of the ’200 Patent (the “Exemplary ’200 Patent Claim”) literally or by the doctrine of equivalents.

41. On information and belief, Toyota directly infringes the ’200 Patent by designing, manufacturing, and selling the Exemplary Toyota Products.

42. Exhibits 17-22 include charts comparing exemplary claims 1, 2, 4, 6, and 7 of the ’200 Patent to the Exemplary Toyota Products. As set forth in this chart, the Exemplary Toyota Products practice, in whole or in material part, the technology claimed by the ’200 Patent. Accordingly, the Exemplary Toyota Products infringe at least exemplary claims 1, 2, 4, 6, and 7 of the ’200 Patent.

43. IV is entitled to recover damages adequate to compensate for Toyota’s infringement.

**COUNT IV**

**(Toyota's Infringement of the '509 Patent)**

44. Paragraphs 1 through 43 are incorporated by reference as if fully restated herein.

45. IV is the assignee and lawful owner of all right, title and interest in and to the '509 Patent.

46. The '509 Patent is valid and enforceable.

47. Toyota has infringed, and is still infringing, the '509 Patent in at least this District by making, using, offering to sell, selling and/or importing Accused Products that infringe at least claims 1, 2, 14, and 15 of the '509 Patent (the "Exemplary '509 Patent Claims") literally or by the doctrine of equivalents.

48. On information and belief, Toyota directly infringes the '509 Patent by designing, manufacturing, and selling the Exemplary Toyota Products.

49. Exhibits 23-28 include charts comparing exemplary claims 1, 2, 14, and 15 of the '509 Patent to the Exemplary Toyota Products. As set forth in this chart, the Exemplary Toyota Products practice, in whole or in material part, the technology claimed by the '509 Patent. Accordingly, the Exemplary Toyota Products infringe at least exemplary claims 1, 2, 14, and 15 of the '509 Patent.

50. IV is entitled to recover damages adequate to compensate for Toyota's infringement.

**COUNT V**

**(Toyota's Infringement of the '348 Patent)**

51. Paragraphs 1 through 50 are incorporated by reference as if fully restated herein.

52. IV is the assignee and lawful owner of all right, title, and interest in and to the '348 Patent.

53. The '348 Patent is valid and enforceable.

54. Toyota has infringed, and is still infringing, the ’348 Patent in at least this District by making, using, offering to sell, selling and/or importing Accused Products that infringe at least claims 24, 25, 26, and 27 of the ’348 Patent (the “Exemplary ’348 Patent Claim”) literally or by the doctrine of equivalents.

55. On information and belief, Toyota directly infringes the ’348 Patent by designing, manufacturing, and selling the Exemplary Toyota Products.

56. Exhibits 29-31 include charts comparing exemplary claims 24, 25, 26, and 27 of the ’348 Patent to the Exemplary Toyota Products. As set forth in this chart, the Exemplary Toyota Products practice, in whole or in material part, the technology claimed by the ’348 Patent. Accordingly, the Exemplary Toyota Products infringe at least exemplary claims 24, 25, 26, and 27 of the ’348 Patent.

57. IV is entitled to recover damages adequate to compensate for Toyota’s infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a) A judgment that the ’944 Patent, the ’952 Patent, the ’200 Patent, the ’509 Patent, and the ’348 Patent are valid and enforceable.

b) A judgment that Defendants have infringed one or more claims of the ’944 Patent;

c) A judgment that Defendants have infringed one or more claims of the ’952 Patent;

d) A judgment that Defendants have infringed one or more claims of the ’200 Patent;

e) A judgment that Defendants have infringed one or more claims of the ’509 Patent;

f) A judgment that Defendants have infringed one or more claims of the ’348 Patent; and

g) A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre or post judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendants' infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendants that it incurs in prosecuting this action;

ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: October 20, 2017

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

By: /s/ Nada Shamonki

Nada I. Shamonki

*Attorneys for Plaintiff*
*Intellectual Ventures II LLC*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated: October 20, 2017

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

By: /s/ Nada Shamonki

Nada I. Shamonki

*Attorneys for Plaintiff*
*Intellectual Ventures II LLC*